Henderson, Judge,
dissentiente. — The deposition of 'William Pickens was offered in evidence by the Defendants, and objected to by the Plaintiff, and the facts shew that he is the son of Samuel Pickens, the testator of one of the Defendants, which testator was one of the obligors named in the bond sued on, to repel which objection, it was answered that Samuel Pickens left a will, as it appears by the proceedings in this case, for --- — one of the Defendants, is called in Court as his executor •, there was no other evidence that he made a will, and of course none of its contents, The objection to the reading of the deposition was overruled. The deposition was taken after the death of Samuel Pickens. 1 think the deposition was inadmissible, for the interest of *426 the child in tlfc estate of his father is not divested, (by shewing that there is a will, without shewing its contents also.) How the laws of England may be on the subject, Í am unable to say, for no authority was cited on the pointj I have been unable to find any, but with deference to the opinion of my brethren, I am ’very clear that under our law, the deposition was inadmissible. In England, the making of a will is emphatically the appointment of executors, for by that appointment all the property passes to them, and no rise or trust arises to any one, unless they appear upon the face of the will, either by express bequests or legacies, or by construction, that is by shewing’ that it was not designed that the executors should take beneficially,' with our law it is directly the reverse. Executors are trustees for the next of kin, unless it is shewn that the next of kin are excluded $ it therefore appears to me that the witness being next of kin to the testator, it should have shown that he was excluded by the will, for unless the will disposes of all the property, he is interested j the reverse of the English law, which gives to the executor all the property but that which is taken from him by the will. I do not think that there is any weight in the argument, that the Plaintiff gave credit to the witness by proving his handwriting to the deed, as evidence of its execution. At the time he did that act, to-wit, attested the deed, ho was disinterested. The Plaintiff was willing to take his statement made at that time, but not since ho became interested. I therefore cannot concur in the opinion of the Court, but think that the rule for a new trial should be made absolute.